UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


PROV INTERNATIONAL
INC., et al.,

      Plaintiffs,

v.                                                                CASE NO. 8:19-cv-978-T-23AAS

RUBENS DALLE LUCCA, et al.,

      Defendants.

_____/


**<u>ORDER</u>**

      According to the complaint, after each resigned from a foreign subsidiary of

ProV International, Rubens Lucca and Christian Wawrzinek joined Nuvolax, a

competing IT consulting firm, and began soliciting ProV International's employees

to join Nuvolax in Germany and Brazil.  ProV International — apparently frustrated

by the absence of a non-solicitation clause in Lucca's and Wawrzinek's employment

agreement — claims that Lucca and Wawrzinek both engaged in "deceptive and

unfair trade practices" and misappropriated "trade secrets" by disclosing to Nuvolax

the identity of ProV International's employees and clients.

      ProV International and ProV Brazil move (Doc. 12) for a preliminary

injunction.  Wawrzinek, the only defendant to receive service of process, opposes

(Doc. 20) the preliminary injunction and moves (Doc. 11) to dismiss for failure to state a claim and for lack of subject-matter jurisdiction.

## BACKGROUND

The motion for a preliminary injunction, verified by the director of ProV International, contains the same factual allegations as the amended complaint and alleges the following. ProV International, a Florida corporation, provides "IT consulting services" in "practice areas" that the motion designates as "ServiceNow" and "IFS" (both of which remain undefined). (Doc. 12 at ¶ 4) ProV International wholly owns ProV Brazil and ProV Germany, a non-party. Nuvolax, a German corporation, wholly owns Nuvolax Brazil and competes with ProV International's subsidiaries in Germany and Brazil.

### ProV Germany

In early 2017, ProV International formed ProV Germany. (Doc. 12 at ¶ 8) In May 2017, Wawrzinek, a German citizen, joined ProV Germany and later became the "Director of Professional Services." (Doc. 12 at ¶ 5) However, in June 2018, ProV Germany fired Wawrzinek after learning that Wawrzinek planned to join Nuvolax and recruit ProV Germany's ServiceNow employees. (Doc. 12 at ¶ 5) In August 2018, two employees resigned from ProV Germany and joined Nuvolax. Although Wawrzinek joined Nuvolax two months later, the plaintiffs "believe" that Wawrzinek recruited the two employees on behalf of Nuvolax. (Doc. 12 at ¶ 6) After Wawrzinek joined Nuvolax, ProV Germany sued Wawrzinek in a labor court in Stuttgart, Germany. (Doc. 12 at ¶ 7) The suit remains pending.

Also, ProV International alleges that Wawrzinek "systematically" transmitted (unspecified) information from ProV Germany to Tema GmbH, a German corporation owned by Wawrzinek's wife. (Doc. 12 at ¶ 5) No paper describes the information transferred or the purpose of the transfer.

**ProV Brazil**

In June 2017, ProV International formed ProV Brazil. (Doc. 12 at ¶ 8) In October 2017, Lucca, a Brazilian citizen, joined ProV Brazil and became the "Country Manager." (Doc. 12 at ¶ 9) The plaintiffs allege that Lucca had "constant money problems" and that the plaintiffs lent Lucca $10,000 in response to Lucca's repeated demand for an advancement of salary. (Doc. 12 at ¶ 11)

On January 24, 2019, Lucca traveled to a ServiceNow trade show in Las Vegas, Nevada, to attend a "Dynatrace event" and to tender his resignation to the CEO of ProV International. (Doc. 12 at ¶ 11) The CEO accepted Lucca's resignation, and ProV Brazil and Lucca began "to work out, in earnest, the details" of Lucca's resignation. (Doc. 12 at ¶ 31) Lucca left ProV Brazil on January 31, 2019, but failed to repay the $10,000 loan and failed to return a company laptop. (Doc. 12 at ¶ 12) The plaintiffs "believe" that Lucca uses contact information in the laptop to contact ProV Brazil's employees. (Doc. 12 at ¶ 12)

Later, Lucca joined Nuvolax, which on April 22, 2019, formed Nuvolax Brazil to provide ServiceNow consulting services throughout Brazil. Nuvolax offered employment to ten of ProV Brazil's fifteen ServiceNow consultants, and three accepted the offer. (Doc. 12 at ¶ 13) ProV Brazil retained the remaining

ServiceNow consultants by increasing pay. (Doc. 12 at ¶ 13) Also, Nuvolax recruited from ProV Brazil a "salesperson" and a "marketing person." (Doc. 12 at ¶ 13)

**Procedural History**

On April 24, 2019, ProV International and ProV Brazil sued Lucca, Wawrzinek, and Nuvolax and asserted claims under state law only.[1] Fourteen days later, the plaintiffs effected personal service on Wawrzinek at a hotel in Las Vegas, Nevada. (Doc. 6) The same day, the plaintiffs moved (Doc. 5) for a temporary restraining order and a preliminary injunction prohibiting Lucca, Wawrzinek, and Nuvolax Germany from recruiting the employees of ProV Brazil and ProV Germany. A May 17, 2019 order (Doc. 7) defers ruling on the motion for injunctive relief and observes that an action containing a foreign plaintiff and a foreign defendant cannot invoke diversity or alienage jurisdiction.

Thirteen days later, the plaintiffs both amend (Doc. 9) the complaint to add a claim under the Defend Trade Secrets Act and presumably — but not expressly — attempt to invoke supplemental jurisdiction over the state-law claims. Because the plaintiffs amended the complaint, a June 3, 2019 order (Doc. 10) denies without prejudice the motion for injunctive relief. Nine days later, the plaintiffs filed (Doc. 12) a nearly identical motion for injunction relief.

---

[1] In addition to claiming misappropriation under Florida Uniform Trade Secrets Act, the plaintiffs claim that Lucca defamed ProV International by publishing a false statement on a job-recruiting website and that Lucca breached a fiduciary duty by binding ProV Brazil to an unfavorable contract.

A June 14, 2019 order (Doc. 13) observes that the plaintiffs fail to demonstrate the impracticability of notice and denies the request for a temporary restraining order. A June 19, 2019 order (Doc. 17) directs Wawrzinek — the only defendant served with the summons and complaint — to respond to the motion for a preliminary injunction. Wawrzinek responds (Doc. 18) and moves (Doc. 11) to dismiss the complaint for failure to state a claim and for lack of subject-matter jurisdiction.

## DISCUSSION

### I.  Motion to Dismiss

Wawrzinek argues (1) that the plaintiffs fail to allege facts showing the misappropriation of a trade secret, (2) that the DTSA cannot apply to misappropriation occurring in a foreign country only, (3) that no basis for supplemental jurisdiction exists, and (4) that ProV International lacks standing to sue on behalf of ProV Germany, a non-party.

### A.  <u>Failure to state a claim under the DTSA</u>

To state a claim under the DTSA, 18 U.S.C. § 1836, a plaintiff must allege facts showing (1) that the plaintiff possessed a "trade secret," (2) that the plaintiff "took reasonable measures" to protect the trade secret, and (3) that the defendant used or disclosed the trade secret despite a duty to maintain secrecy. *Trinity Graphics, USA, Inc. v. Tervis Tumbler Co.*, 320 F. Supp. 3d 1285, 1293 (M.D. Fla. 2018) (Bucklew, J.).

i.     *Misappropriation of a trade secret*

The plaintiffs claim that Lucca, Wawrzinek, and Nuvolax misappropriated "trade secrets," consisting of "proprietary practices, operating procedures[,] customer lists," and the identity of the plaintiffs' employees. (Doc. 9 at ¶ 84; Doc. 12 at ¶ 20) Section 1839(3) defines a "trade secret" as "financial, business, scientific, technical, economic, or engineering information" that (1) the owner "has taken reasonable measures to keep" secret and (2) that derives "independent economic value . . . from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information."

The amended complaint primarily asserts that Lucca, Wawrzinek, and Nuvolax "misappropriated" the identity of the plaintiffs' employees. However, the amended complaint alleges no facts demonstrating — or even suggesting — that the identity of the plaintiffs' employees constitutes a trade secret. That is, the amended complaint alleges no facts suggesting that the plaintiffs concealed the identity of the plaintiffs' employees or that the plaintiffs prohibited employees from disclosing the company for whom the employees worked. Although information compiled about an employee — such as a performance review or a salary recommendation — might constitute a trade secret, the plaintiffs allege misappropriation of the employee's identity only.

Also, the amended complaint asserts without further description that the defendants misappropriated "proprietary practices" and "operating procedures."

(Doc. 9 at ¶ 94)  Although the complaint need not "spell out the details of the trade secret," *Autodesk, Inc. v. ZWCAD Software Co.*, 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015), the complaint must "describe the subject matter of the trade secret with sufficient particularity to separate [the trade secret] from matters of general knowledge in the trade," *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012).  The conclusory assertion that the defendants misappropriated "proprietary practices" and "operating procedures" neither notifies the defendants about the practices and procedures allegedly misappropriated nor demonstrates that the practices and procedures constitute a trade secret.

### ii.    Territorial limitation of the DTSA

Under 18 U.S.C. § 1837(2), a plaintiff cannot sue for misappropriation occurring outside the United States unless either "(1) the offender is a . . . citizen . . . of the United States . . . ; or (2) an act in furtherance of the offense was committed in the United States."  The plaintiffs allege that (1) Wawrzinek, a resident of Germany, resigned from ProV Germany, joined Nuvolax Germany, and began recruiting ProV Germany's employees and (2) that Lucca, a resident of Brazil, resigned from ProV Brazil, joined Nuvolax Brazil, and began recruiting ProV Brazil's employees.  The amended complaint contains no allegation suggesting that the defendants attempted to recruit an employee from the United States, that the defendants acquired in the United States the defendants' "trade secrets," or that the defendants used the trade secrets in the United States.

Although Lucca allegedly travelled to a trade show in Las Vegas, Nevada, to attend a "Dynatrace event" and to tender his resignation to the CEO of ProV International, the amended complaint alleges no facts connecting Lucca's attendance at the trade show with the alleged misappropriation of the plaintiffs' trade secrets. And although ProV International, a Florida corporation, allegedly lost revenue after employees resigned from ProV Brazil and ProV Germany and joined Nuvolax, the damages resulting from the misappropriation "do not constitute part of the offense itself" but constitute the effects of a "'fully completed operation.'" *Luminati Networks Ltd. v. BIScience Inc.*, 2019 WL 2084426, at *11 (E.D. Tex. May 13, 2019) (quoting *Yates v. United States*, 354 U.S. 298, 334 (1957)). The plaintiffs allege no facts showing that "an act in furtherance of the offense was committed in the United States."

Because the plaintiffs fail to allege facts showing (1) that the defendants misappropriated a trade secret and (2) that the defendants committed in the United States an "act in furtherance of" the misappropriation, the plaintiffs fail to state claim under the DTSA — the only federal claim.[2]

---

[2] Wawrzinek argues that, because the plaintiffs fail to identify an act occurring in the United States, the "court lacks" subject-matter jurisdiction over the DTSA claim. Subject-matter jurisdiction means "a tribunal's power to hear a case" and "presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief." *Morrison v. National Australia Bank*, 561 U.S. 247, 254 (2010) (Scalia, J.), explains that "to ask what conduct [a statute] reaches is to ask what conduct [a statute] prohibits, which is a merits question." Because the plaintiffs fail to show that the defendants committed in the United States an act in furtherance of the offense, the plaintiffs fail to state a claim. However, a United States district court undeniably and obviously has subject-matter jurisdiction over an action under the Defend Trade Secrets Act, a federal statute.

B.  Subject-matter jurisdiction

i.  *Absence of diversity jurisdiction*

The other claims arise under state law only.  Diversity jurisdiction attaches under 28 U.S.C. § 1332(a)(2) if the action is between "citizens of a State and citizens or subjects of a foreign state."  And diversity jurisdiction attaches under 28 U.S.C. § 1332(a)(3) if the action is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."  However, "diversity does not exist within the meaning of these sections . . . where on one side there are citizens and aliens and on the opposite side there are only aliens."  *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) (finding no diversity jurisdiction over an action in which a foreign plaintiff and a U.S. plaintiff sued a foreign corporation); *Kuehne & Nagel v. Geosource, Inc.*, 874 F.2d 283, 290–291 (5th Cir. 1989) (finding no diversity jurisdiction over an action in which a foreign plaintiff sued a Texas corporation and a Cayman Islands corporation); 15A Moore, et al., *Moore's Federal Practice* § 102.77, n.2 (2018) (collecting cases).

Because ProV International (a U.S. citizen) and ProV Brazil (a foreign citizen) sue three foreign citizens, the complaint fails to invoke diversity jurisdiction.  And because ProV International and ProV Brazil fail to state a federal claim, no basis remains to exercise supplemental jurisdiction over the state-law claims.

ii.     *Standing*

Wawrzinek argues that ProV International lacks "standing" to sue on behalf of ProV Germany, a wholly owned subsidiary and non-party. Wawrzinek's one-page argument acutely confuses (1) the requirement under Article III that a plaintiff suffer an "injury in fact" that is both "fairly traceable" to the defendant's conduct and likely redressable by a favorable decision; (2) the requirement under Rule 17(a), Federal Rules of Civil Procedure, that "an action must be prosecuted in the name of the real party in interest;" and (3) the requirement under corporation law that a shareholder possess "derivative standing" to sue on behalf of a corporation.

However, in the absence of well-pleaded allegations describing (1) the existence of a trade secret, (2) the ownership of each trade secret, and (3) the method by which the defendants misappropriated each trade secret, a determination of the applicable "standing doctrine" becomes an exercise in frustration. If the plaintiffs amend the complaint to state a claim under the DTSA and if the defendants move to dismiss for lack of "standing," the defendants must analyze with care and express with clarity whether the defendants move to dismiss for lack of Article III standing, for lack of derivative standing, or for failure to sue in the name of the real party in interest.

## II.     Preliminary Injunction

The plaintiffs move (Doc. 12) for a preliminary injunction prohibiting Lucca, Wawrzinek, and Nuvolax from "using or disclosing any of the Plaintiff's trade secrets" and from "soliciting [the] Plaintiff's customers and employees." (Doc. 12

at 12)  To obtain a preliminary injunction, the plaintiff must demonstrate (1) a substantial likelihood of success on the merits, (2) a likelihood of irreparable injury absent an injunction, (3) a threatened injury that exceeds injury to the defendant caused by the injunction, and (4) the absence of a material adverse consequence to the public.  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

For the reasons stated in the resolution Wawrzinek's motion to dismiss, neither the amended complaint nor the motion for a preliminary injunction show — or plausibly suggest — (1) that the identity of the plaintiffs' employees or clients constitutes a trade secret, (2) that the plaintiffs undertook reasonable efforts to maintain the secrecy of the employees' and clients' identity, (3) that the defendants' solicitation of the employees and clients constitutes misappropriation, (4) or that the defendants committed in the United States an act in furtherance of the misappropriation.  Also, the plaintiffs' allegations undermine the likelihood of irreparable harm because the plaintiffs admit that by increasing employee salary the plaintiffs have thwarted most of the defendants' solicitation effort.  (Doc. 12 at ¶ 13) Further, the plaintiffs fail to comply with Local Rule 4.05(3), which requires a party moving for a preliminary injunction to "set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c)."

Because the plaintiffs fail to demonstrate a likelihood of success on the merits, because the plaintiffs' assertions undermine the likelihood of irreparable harm, and

because the plaintiffs fail to comply with the Local Rules, the motion (Doc. 12) for a preliminary injunction is **DENIED**.

### III. Failure to timely serve Lucca and Nuvolax

More than 180 days after filing the complaint, the plaintiffs have served neither Lucca nor Nuvolax, each a foreign defendant. Although the 90-day service limitation under Rule 4(m), Federal Rules of Civil Procedure, "does not apply to service in a foreign country," the time within which to serve a foreign defendant "is not unlimited, as district courts must retain the ability to control their dockets." *Mumford v. Carnival Corp.*, 5 F. Supp. 3d 1365, 1366–77 (S.D. Fla. Mar. 18, 2014) (Lenard, J.). But significant authority "condition[s] this foreign service 'exemption' upon a showing that good faith attempts were made to serve" within ninety days. *Mumford*, 5 F. Supp. 3d at 1366–67 (collecting cases). No later than **NOVEMBER 19, 2019**, the plaintiffs must submit a notice describing the "good faith attempt" — if any — to serve Lucca and Nuvolax within ninety days after filing the complaint. An affidavit or other verified paper must support each factual assertion. If the plaintiffs fail to timely show that the plaintiffs attempted in good faith to serve Lucca and Nuvolax, an order will dismiss Lucca and Nuvolax without prejudice.

### CONCLUSION

The amended complaint fails to state a claim under the DTSA and fails to invoke supplemental jurisdiction over the remaining claims. The motion (Doc. 11) to dismiss is **GRANTED**, the amended complaint (Doc. 9) is **DISMISSED**, and the

motion for a preliminary injunction (Doc. 12) is **DENIED**.  No later than

**NOVEMBER 19, 2019**, the plaintiffs may amend the complaint.

ORDERED in Tampa, Florida, on October 29, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE